[No. 2187, April 7, 1919.]
BYERTS v. SCHMIDT.

### SYLLABUS BY THE COURT.

1. Findings of fact by a trial court will not be disturbed where supported by substantial evidence, and where the trial court heard the testimony and saw the witness.        P. 222

2. Where a special finding is silent on any material point, it is deemed to be found against the one having the burden of proof.        . P. 222

3. Where a real estate broker is the procuring cause of a sale of real estate by his principal, he is entitled to the com-

pensation agreed upon, notwithstanding the fact that he did not disclose the name of the prospective purchaser to his principal, if the principal was not prejudiced by such nondisclosure.                                              P. 223

Appeal from District Court, Socorro County; R. R. Ryan, Judge.

Action by W. H. Byerts against Franz Schmidt and Esther Schmidt, his wife. Judgment for defendant Esther Schmidt and in favor of plaintiff against defendant Franz Schmidt, and he appeals. Affirmed.

NICHOLAS & NICHOLAS, of Socorro, for appellant.

BRAY & BUNTON, of Socorro, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. Appellee sued appellant and Esther Schmidt, his wife, for a commission for the sale of certain real estate. The complaint was in the ordinary form, alleged the employment of appellee to procure a purchaser for the real estate described, and that under the agreement between the parties it was agreed that if appellee should find a purchaser for said property, or any portion thereof, appellee was to receive a commission equal to 10 per cent. of the selling price received by defendants from such purchaser; that appellee had complied with his part of the contract and had furnished a purchaser; and that a sale had been consummated of certain real estate for $15,000. Appellee and his wife, in their answer, admitted the sale of the property to the parties named in the complaint, but denied all other allegations therein.

The case was tried by the court without a jury. Findings of fact were made and conclusions of law stated. The court found that Esther Schmidt was not a party to the contract and was not liable thereon, and judgment went in her favor. Appellee had judgment against appellant for $1,500, to review which this appeal is prosecuted.

Byerts v. Schmidt, 25 N. M. 219.

Appellant relies upon two questions for a reversal which will be considered in the order discussed in his brief. First, he contends that there was no substantial evidence supporting the findings and judgment, and that the court should have sustained his motion for judgment at the conclusion of appellee's case in chief and a similar motion made when all the evidence was in. There is no merit in this contention. Appellant testified to the making of the contract by which he was to receive a commission of 10 per cent. of the purchase price in the event appellant sold less than the entire ranch property. If the entire property were sold, appellant was to receive $20,000 therefor net. After the making of the contract, appellee advertised in the El Paso papers and interested the firm of Davis-Snyder Company of El Paso, Tex., in the property. He visited El Paso and saw Mr. Davis, and Mr. Davis called up Mr. Snyder at Alamogordo while appellee was in the office, and arranged for him to visit the appellant and negotiate for the property, if found to be satisfactory. Less than the whole of the property was sold to the Davis-Snyder people for $15,000. It is true that appellant, in his testimony, disagreed with appellee as to the terms of the contract; but the trial court elected to believe appellee. It has been so often held by this court that findings of fact by a trial court will not be disturbed where suported by substantial evidence, and where the trial court heard the testimony and saw the witnesses, that citation of authority is unnecessary. There was substantial evidence supporting the findings in this case; hence there was no error committed by the court in overruling appellant's motions for judgment.

It is next urged that the facts found by the court, conceding that those facts found support the evidence, are not sufficient to sustain the conclusions of law drawn by the court and the judgment rendered. This contention is based upon certain findings made by the court at the request of appellant. The court approved finding numbered 12, to the effect that the proof did not show that the plaintiff ever introduced any prospective purchaser of the said property to the defendant, either per-

sonally or by letter; and findings of fact numbered 5 and 6, to the effect that at the time of the sale by the defendant to the Davis-Snyder Company, John Snyder, a member of the company, with whom defendant negotiated said sale, did not know as a fact that the plaintiff had had anything to do with the sale, and, upon his being asked by the defendant if he had been sent by appellant to make the deal, replied truthfully that he knew nothing about the appellant in connection with the matter. The court found the making of the contract as alleged in the complaint, and that in pursuance with the contract the appellant interviewed either Charles Davis or Lamar Davis, or both of them, they being members of the partnership firm, composed of themselves and one John Snyder, doing business under the firm name of Davis-Snyder Company, and recommended said property to them, but that no contract of sale was entered into by the appellant on either of said trips; that, in pursuance of the efforts of appellee, John Snyder visited the appellant and purchased the property for the individuals composing said firm.

[1, 2] Appellant argues that it was incumbent upon appellee to have given appellant notice of the name of the prospective purchaser, and seemingly contends that the findings show that he failed to do this. He places a wrong construction upon "findings." It was wholly immaterial as to whether Snyder knew appellee or had had any conversation with him relative to the sale. The question was as to whether or not the efforts of appellee were the procuring cause of the sale. The court was not asked to find that appellee had or had not notified appellant as to the name of the prospective purchaser. Appellee testified that he wrote appellant that he had interested the firm of Davis-Snyder Company. Appellant denied that he had given him the name of the firm. If appellee failed to comply with his contract and it was essential that he should have notified appellant as to the name of the purchaser he had found, this was a matter of defense, and the burden rested upon appellant to show failure in this regard. Where a special finding is silent on any

material point, it is deemed to be found against the one having the burden of proof.

[3] Probably the weight of authority is to the effect that it is not necessary that the broker who contends that he found the purchaser to whom the property is sold should personally have conducted the negotiations between his principal and the purchaser, which have resulted in the sale, or even that the principal should, at the time, have known that the purchaser was one found by the broker. Mechem on Agency (2d Ed.) § 2435; 4 R.C.L. p. 321; and notes to the following cases: Quist v. Goodfellow, 8 L. R. A. (N. S.) 153, 9 Ann. Cas. 431; Smith v. Preiss 29 Ann. Cas. 1913D, 820. This rule is applied, so far as we know, without exception, where the purchase is made upon the terms prescribed in the contract between the principal and the broker. In some cases a distinction is made between the case of the broker who was employed to find a purchaser on certain prescribed terms, and the broker employed to find a purchaser upon terms which might prove satisfactory to the principal. In Mechem on Agency (2d Ed.) § 2436, it is said:

"In the former case, it is said to be no hardship to the principal if he be compelled to pay the commission for a purchaser upon the terms prescribed, although he did not know that the purchaser was one produced by the broker's efforts, since, by the hypothesis, he has obtained the very price and terms for which he had agreed to pay the commission. But in the second case it may be a hardship to compel the payment of the commission, where the principal, in good faith and with nothing to indicate that he was dealing with the broker's party, has presumptively assented to the price or terms realized upon the basis that no commission was demandable."

This is true in cases decided by the Supreme Court of Iowa. These cases will be found cited following section 2436, Mechem on Agency.

While in the present case the terms were not stated in the brokerage contract, in the event that less than the whole of the property was sold, yet appellant testified that he would have made the sale on the same terms to the purchaser had he known that the purchaser had been sent by appellee. Hence we see no reason why he should

not be required to pay the commission, even under the Iowa rule. The reason for the exception to the general rule first stated is that it would not be equitable to charge the seller with the commission where the broker has failed to notify him of the name of the purchaser, and he sells for a less price than he otherwise would exact if he had known that he would be required to pay the comission. As appellant sold upon the same terms and for the same amount as he would have exacted had he been fully informed, there is no reason for the application of the rule contended for by appellant, even had the court found that he had no notice of the name of the prospective purchaser; but the court made no such findings, and was not asked to make it.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.