## Offutt & Oldham v. Winters.

(Decided December 18, 1928.)

JAMES B. FINNELL, Jr., for appellants.

FORD & FORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

In this action to recover a real estate commission, a demurrer was sustained to the petition as amended, and the petition was dismissed. The real estate agents have appealed.

The facts pleaded are, in brief, as follows: M. V. Offutt and Ben R. Oldham are real estate agents, doing business under the firm name of Offutt & Oldham. Prior to the month of October, 1926, Charlie Winters listed his farm with them, and agreed if they made a sale, or found a purchaser for same, he would pay them a commission of 2 per cent. on the sale price. The listed price was $110 an acre. While the farm was still listed with them, they found a purchaser in the person of one John Turner. After describing the farm, and stating its advantages, to Turner, Turner agreed to go with them to see the farm with the view of purchasing it. Instead of keeping his promise, Turner, without the knowledge of the agents, went to Winters and bought directly from him at the price of $90 an acre. Turner did not know the farm was for sale until informed by the plaintiffs. By reason of their solicitations and efforts in explaining to him the desirability of the purchase, he bought the farm directly from Winters. Before the purchase was made Winters could, by the exercise of ordinary care, have known that Turner came to defendant's farm and was offering to buy same as a result of the efforts of plaintiffs.

It is not alleged in the petition that Winters knew, and no facts are pleaded showing that a person of ordinary intelligence in his situation should have known that the purchaser was found by plaintiffs. Nor are any facts pleaded showing that Winters acted in bad faith.

Therefore, the question for decision is whether the owner of real estate is liable for a commission, where, after listing it with a nonexclusive agent for sale at a definite price, he in good faith, and in ignorance of the efforts of the agent, sells the property at a reduced price to a purchaser found by the agent. It is true that in the case of Stedman & Bowman v. Richardson, 100 Ky. 79, 37 S. W. 259, 18 Ky. Law Rep. 567, the court quoted Mechem on Agency, sec. 966, in which it was stated that it was not necessary that the principal should at the time have known that the purchaser was one found by the broker, but the only question before the court in that case was the right of the owner in good faith to withdraw the property from the hands of the brokers, and, without any intention to prevent them from making their commission, to sell same to the purchaser whom they had found, and to whom they had failed to sell. Therefore, we are called on for the first time to pass on the precise question. The authorities are by no means harmonious. Some of them hold that in the circumstances presented the broker is entitled to his commission, notwithstanding the fact that the owner at the time of the sale did not know of his instrumentality in procuring the purchaser. Bryan v. Abert, 3 App. D. C. 180; Adams v. Decker, 34 Ill. App. 17; Tyler v. Parr, 52 Mo. 249; Butler v. Kennard, 23 Neb. 357, 36 N. W. 579; Lloyd v. Matthews, 51 N. Y. 124; Graves v. Bains, 78 Tex. 92, 14 S. W. 258. On the other hand, a contrary view is taken by such authorities as Quist v. Goodfellow, 99 Minn. 509, 110 N. W. 65, 8 L. R. A. (N. S.) 153, 9 Ann. Cas. 431; Anderson v. Smythe, 1 Colo. App. 253, 28 P. 478; Blodgett v. Sioux City & St. P. R. Co., 63 Iowa, 606, 19 N. W. 799; Boyd v. Watson, 101 Iowa, 214, 70 N. W. 120. Being compelled to choose between the two views, we should adopt the fairer and safer rule. When ignorant of the efforts of the broker, the owner has the right to act on the assumption that he alone is making the sale, and oftentimes he is thereby induced to accept a reduced price which he would not accept if he believed that he had to pay a commission. To avoid this situation we must either place on the owner the duty to inquire, or on the broker the duty to inform the owner that he had found the purchaser. The owner employs the broker to make the sale. The broker is to be paid for his services, and not for the services of the owner. In view of the relationship, and of the necessity that the broker's efforts be the procur-

ing cause of the sale, we conclude that he has the burden of informing the owner, if ignorant of the fact, that the purchaser is one found by him, to the end that the owner may not be misled into accepting a reduced price for the property on the theory that he will not have to pay a commission to the broker. There being no charge of bad faith, and it not being alleged that Winters knew, or that the circumstances were such that he should have known, that the purchaser was one found by the broker, it follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.

Whole court sitting.