Belknap,
Apr. 6, 1948. } No. 3711.

SAMUEL P. PHILBRICK *v.* MINNIE CHASE.

*Frederick K. Upton, Robert W. Upton* and *Thomas J. McIntyre* (*Mr. Frederick K. Upton* orally), for the plaintiff.

*Normandin & Normandin* (*Mr. Fortunat A. Normandin* orally), for the defendant.

JOHNSTON, J. The Court correctly charged that the legal duty of the plaintiff consisted in being the efficient cause of procuring "a customer willing and able to buy upon the terms proposed by the owner." " 'His undertaking was to procure a customer able and willing to buy.' *Wilson* v. *Atwood*, 81 N. H. 61, 65." *Russo* v. *Slawsby*, 84 N. H. 89, 91. See also, *Toohey* v. *Davis*, 85 N. H. 80. In *Russo* v. *Slawsby*, *supra*, 90, it was stated that the requirement of readiness was sufficiently covered by those of ability and willingness and need not be separately mentioned. If an agent is the effective cause of a specific result, he is entitled to the agreed compensation for such accomplishment.

The defendant excepted to the instruction that she and Wilfred Savard entered into a binding agreement of sale and purchase on August 12, 1946, on the ground that the Savards did not sign any agreement but merely went into possession and made certain payments on account. Without discussing whether or not the buyers were bound to take the property, the error, if any, was harmless. It was not part of the undertaking of the plaintiff that he see that a legal contract was made between buyer and seller, but merely to procure a customer able and willing to purchase. "It is our conclusion that the agency agreement merely authorized Toohey to secure a purchaser who was willing and able to buy (*Russo* v. *Slawsby*, *supra*) and did not empower him to bind the defendant by a sale agreement." *Toohey* v. *Davis*, *supra*, 85. Furthermore, the defendant is not prejudiced by

the lack of a written agreement signed by the Savards. She concedes that they are in possession and have paid $3,200 on account of the price of $13,000 and that the only reason why the deal has not been completed is the fact of the attachment in the present suit. If it should appear before the consummation of the transaction that the Savards have not the requisite willingness and financial ability to go through with it, evidence of this may be brought to the attention of the Superior Court for such action as justice may require. At the trial there was abundant evidence of both ability and willingness.

One of the requested instructions of the defendant was that since on August 29, 1946, the date of the commencement of the action, the bank had not then approved of the loan to the Savards, they were not able to make the purchase. This does not state the law. Ability to buy means simply the power to effect that at the time of payment there shall be available to the buyer the necessary funds. Where the agreement does not fix the time for payment, a reasonable time is allowed. "The purchaser must be able to buy; and the word "able" means financially able; this does not mean, however, that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required." *Laack* v. *Dimmick*, 95 Cal. App. 456, 470. See also, *Webert* v. *Roberts*, 211 Mich. 692.

The evidence is in dispute concerning whether the defendant prior to signing the memorandum for the sale knew that the plaintiff had procured the buyer. Unless Mrs. Chase was prejudiced in some way by the ignorance she claims and such ignorance was due to no fault of her own, then the plaintiff's right to a commission is not affected by her lack of knowledge. It is sufficient if a buyer is procured by the plaintiff in accordance with the terms of the agency agreement. "Subject to certain exceptions and limitations in some jurisdictions . . . , it is generally held or recognized, in an overwhelming majority of the cases, that if a real estate broker is in fact the procuring or efficient cause of the purchase of his principal's property and would otherwise be entitled to a commission, he will not be deprived thereof by the fact that the owner did not, at the time of the sale, have knowledge of the instrumentality of the broker in procuring the customer, even though the broker's agency was not exclusive." 142 A. L. R. 277.

The defendant sought to bar recovery on the part of the plaintiff on the ground of an improper delegation of authority to Mr. Clairmont or at least to limit it to one-third of the commission. The plain-

tiff is entitled to all of the commission or none. Neither Mrs. Beane nor Mr. Clairmont had any agreement with Mrs. Chase. Their employment was with the plaintiff and they look only to him for payment in accordance with the agreed terms. The right of Mrs. Philbrick to use any legitimate source that would aid him in securing the name of the prospective customer for the defendant's property cannot be disputed. He may seek his information where he will. The issue raised is whether he could delegate to Mr. Clairmont the duty of telling the Savards of the defendant's property, describing it and making arrangements to show it to them. This involved the delegation of no discretionary powers such as, to determine the terms of the sale, and has been held to be proper. "As between principal and broker, it is generally considered immaterial that the purchaser of the real estate was secured through the efforts of a subagent, rather than by the personal efforts of the broker himself. Since the subagent cannot claim compensation from the owner, the fact that the broker agreed to divide the commissions with such subagent in no wise affects the broker's right to claim the whole compensation from the principal. Accordingly, where the agent for the sale of land has not attempted to devest himself of his functions or his responsibilities to his principal, he may recover commission against the latter for bringing about a sale of the land, even though he has employed a subagent for the performance of mere ministerial duties connected with the negotiations." 43 L. R. A. (N. s.) 801. In *McKinnon* v. *Vollmer*, 75 Wis. 82, it was held that the showing of land was a mere executive or ministerial act that was binding on the owner although performed by a subagent. See also, *Ryer* v. *Turkel*, 75 N. J. L. 677, 684, 685.

It is argued that the plaintiff abandoned his agency because of the statement of the defendant to the Savards, which was reported by them to Mr. Clairmont, that the property was in process of being sold to a New York party and that the defendant was selling it herself. Mr. Clairmont testified that he then forgot the case. But this was not evidence of abandonment that would cause forfeiture of a commission, if the efforts already made resulted in producing a customer. This is what happened according to the jury. "Nor does the simple fact that the plaintiff did not take an active part in the final negotiations prove that he was not employed by the defendant, or that what he did was not the efficient cause of the sale." *Morrison* v. *Hall*, 78 N. H. 48, 49. There is no evidence of abandonment before the plaintiff did his work and earned his commission.

Other requests deal with the application of legal principles to

portions of the evidence. It is within the discretion of the Trial Court whether or not to instruct that certain conduct would not amount to effective means of a sale and that the plaintiff was not the effective means if other named individuals were in fact such. If the law is correctly stated in a positive manner, the negative form is ordinarily not required. The Trial Judge may use his own judgment. "The extent to which rules of law shall be given specific application to the claims of the parties and the facts disclosed by the evidence in a given case must be left to the sound discretion of the trial court." *Colby* v. *Lee*, 83 N. H. 303, 307.

Evidence that the plaintiff through Mr. Clairmont was the first to inform the buyers of the defendant's property, that the same day, July 23 or 24, they inspected it and on August 12 made a deposit was sufficient to warrant the jury in finding that the plaintiff with the help of Mrs. Beane and Mr. Clairmont was the effective means of the sale being made. The evidence was not conclusive in favor of the defendant nor was the verdict for the plaintiff conclusively against the weight of the evidence. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246.

*Judgment for the plaintiff.*

All concurred.