KING, D. B. A. KING SERVICE, APPELLEE, *v.* DEAN ET AL., APPELLANTS.

(No. 68-254—Decided June 25, 1969.)

18

*Mr. John W. Watters,* for appellee.
*Messrs. Moore, Myers & Parsell* and *Mr. Charlton Myers,* for appellants.

TAFT, C. J. Even if the question, as to whether plaintiff had "negotiated" with the Ghearings, could be considered one of fact, the plaintiff should still fail in this action. Pursuant to the exclusive listing contract executed between the plaintiff and defendants, the plaintiff was their agent for the purpose of obtaining offers and to facilitate the sale. The law imposes upon such an agent a duty to report his negotiations with prospective purchasers to his principals, especially where he expects to rely upon those negotiations as a basis for claiming a commission on the sale of their property after the expiration of the exclusive listing period. See annotation, "Real-estate Broker's Right to Commissions * * *," 142 A. L. R. 275, 290. This duty is imposed upon an agent to avoid unfairness of the kind exhibited in this case.

Here, the owners of the property in question were not informed that the broker had engaged in any discussion with the Ghearings about the sale of their property. Plaintiff admitted this on direct examination. Since defendants were not so informed, they had no reason to suspect that plaintiff might claim a commission for selling their property even though they became obligated to pay a commission to another broker for selling it. In failing to notify his principals that he had "negotiated" with the Ghearings for the sale of defendants' property, the plaintiff breached the very contract upon which he relies, and his recovery thereunder should have been denied.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, SCHNEIDER and HERBERT, JJ., concur.*

MATTHIAS and DUNCAN, JJ., dissent.

MATTHIAS, J., dissenting. The judgment of the Court of Appeals should be affirmed for the reasons stated in the opinion by Cole, J., in this cause when it was before the Court of Appeals for Marion County. *King* v. *Dean,* 15 Ohio App. 2d 15.

DUNCAN, J., concurs in the foregoing dissenting opinion.

---

*This decision was made after the death of JUSTICE ZIMMERMAN and before the appointment of a successor.