Cheshire
No. 7685

MONADNOCK INSURANCE AGENCY, INC., & a.

v.

JOSEPH P. MANNING

June 7, 1977

*David M. Tower*, of Jaffrey, attorney, by brief and orally, for the plaintiffs.

*Brighton, Fernald, Taft & Hampsey,* of Peterborough (*Mr. Bernard J. Hampsey, Jr.* orally), for the defendant.

GRIMES, J. The issue in this case is whether the trial court erred in awarding the plaintiffs one-half the amount of the real estate commission for the sale of defendant's property on the ground that its co-broker was not entitled to a commission.

Monadnock Insurance Agency, Inc., operated by John Weidner, and Marc P. Tieger d.b.a. Tieger Realty Company brought suit against the defendant Manning claiming a real estate commission as co-brokers in connection with the sale of a house by Manning to Richard and Patricia Pickford. The property had been listed with Monadnock, and Tieger as co-broker claimed to have been the efficient cause of the sale to the Pickfords. After a trial without jury the Court, *King,* J., awarded Monadnock one-half the claimed commission and transferred the exceptions of all parties.

In June 1973, defendant gave an open listing of his property to six agencies including both plaintiffs at a sale price of $50,000 on a ten percent commission on the first $20,000 and six percent on the balance. He reserved the right to sell on his own. In October 1973 he took the property off the market because he had rented it. When the rental ended in August 1974, he listed it with several agencies including Monadnock but not with Tieger as he had not been pleased with him. Again he reserved the right to sell it himself. Tieger telephoned defendant and inquired if he could list the property and was told he could not.

In February 1975, Tieger obtained a prospect for the home and entered into a co-broker arrangement with Monadnock on a 50-50 split. Weidner for Monadnock called defendant and asked if he had any objection to his co-brokering the property and was told that who he dealt with *was* his own business. No sale materialized with this prospect however.

In March 1975, Tieger who had sold some property for Pickford was informed by Pickford that he was interested in buying a house. The trial court found that he told Pickford that he had the Manning house for sale through the Monadnock Agency and took him through the house. Later that day, Pickford came to Tieger's office with his wife and wished to show her the property. Tieger could not then go to the house but authorized the Pickfords to go through it as it was unlocked, which they did. Tieger notified Monadnock that he had shown the house to the Pickfords. Monad-

nock did not notify Manning. Weidner testified that it was not his practice to notify the seller every time a house was shown but used a "judgment factor" and notified the seller when a prospect was seriously interested. A week or two after Tieger had shown him the property, Mr. Pickford called Manning for an appointment regarding the house. Manning did not ask if a broker had shown him and his wife the house but was told Mrs. Pickford had seen it. The Pickfords did not tell defendant that Tieger had shown the house and Manning did not inquire if a broker had shown them the house. During negotiations over the price, Pickford asked Manning if anyone else was involved and was informed there was not and that they could deal directly. A purchase and sale agreement was executed on March 27 or 28 for $46,000. Plaintiffs discovered what had occurred sometime during the first week of April, demanded their commission which was refused, and this action ensued.

■ Plaintiffs claim that Monadnock is entitled to the full commission. Defendant claims that the trial court erred in awarding any verdict for the plaintiffs. The trial court found that Monadnock was the efficient cause of the sale but awarded only half the agreed commission because he found Tieger was not entitled to a commission because he was told by Manning that the property was not listed with him. However, it is undisputed that Manning authorized Monadnock to co-broker the property and knew that Monadnock had been dealing with Tieger. The evidence supports a verdict for the plaintiff. *Williams v. Walker*, 95 N.H. 231, 61 A.2d 522 (1948). The fact that Manning did not know that Tieger had showed the property to the Pickfords as co-broker with Monadnock does not free him from responsibility for the commission. *Philbrick v. Chase*, 95 N.H. 82, 58 A.2d 317 (1948).

Defendant asks us to adopt the so-called minority rule that imposes upon the broker the duty of notifying the seller of each person to whom he has shown the property and relieves the seller of liability when he, in good faith, consents to a lower price because of a failure on the part of the broker to so notify him. *See Byerts v. Schmidt*, 25 N.M. 219, 180 P. 284 (1919); *Offutt & Oldham v. Winters*, 227 Ky. 56, 11 S.W.2d 979 (1928).

■ We decline to adopt such a per se rule. In any event, it seems clear from the trial court's findings that Manning was not free from fault. We adhere to the view that a seller has a responsi-

bility to inquire of his broker before proceeding on his own. *Philbrick v. Chase supra; Williams v. Walker supra.*

██ The question whether Manning is liable for only one-half the commission was answered in *Philbrick v. Chase,* 95 N.H. at 85–86, 58 A.2d at 319–20, where it was said in a similar situation "[t]he plaintiff is entitled to all of the commission or none." We hold therefore that Monadnock is entitled to the full amount of the commission, half of which it will owe to Tieger. We pass no judgment on the rights of the defendant and the purchaser, as that matter is not before us.

> *Exceptions of plaintiffs sustained; judgment for the plaintiffs in the amount of $3,560. Exceptions of defendant overruled.*

KENISON, C.J., and DOUGLAS, J., dissented; the others concurred.

KENISON, C.J., dissenting: Leading authorities in contract and property law have recognized that suits for real estate brokers' commissions "are among the most common on the dockets of our trial courts." A. Casner & W. Leach, Cases and Text on Property 683, 683–85 (2d ed. 1969) ; 1 A. Corbin, Contracts § 50 (1950). *See also* 7 R. Powell, Property § 938.13 at 370.143–.150 (1977); 23 Rutgers L. Rev. 83, 83 (1968). Unlike brokers, many sellers are involved in real estate transactions infrequently, perhaps only once in a lifetime, and are thus unfamiliar with the intricate legalities relating to commissions. *Tristram's Landing, Inc. v. Wait,* 327 N.E.2d 727, 731 (Mass. 1975). Too often unwary sellers are compelled to pay commissions in situations in which they quite reasonably anticipated no liability.

The defendant sold the property at a reduced price and did not know that the purchasers had previously dealt with the broker. Under these circumstances, the plaintiffs are not entitled to a commission. *Hamilton v. Taylor,* 249 S.W.2d 730 (Ky. 1952); *Dragone v. Dell'Isola,* 332 Mass. 11, 122 N.E.2d 892 (1954); *King v. Dean,* 19 Ohio St. 2d 17, 249 N.E.2d 45 (1969); *Pate v. Milford A. Scott Real Estate Co.,* 132 Ga. App. 49, 207 S.E.2d 567 (1974); Annot., 46 A.L.R.2d 848, 872–77 (1956); Annot., 142 A.L.R. 275, 282–86 (1943). The case of *Philbrick v. Chase,* 95 N.H. 82, 58 A.2d 317 (1948), does not require that the defendant pay the commission. In that case the owner sold the property for the full price, that is,

a price which included the money she would have had to pay as commission. In holding for the broker, the court specifically limited its ruling to situations in which the owner is not prejudiced in some way by his ignorance. *Id.* at 85, 58 A.2d at 319. In the instant case the defendant was prejudiced because he sold the property for substantially less than that for which the broker was told to ask. To make the defendant pay the commission out of the lower selling price would be inequitable.

The problem in this case could have been easily avoided if the plaintiffs had notified the defendant that the Pickfords had been shown the house. Imposing this duty upon brokers is not unduly burdensome. Such a rule would provide the necessary protection for the seller and would place the burden upon the professional broker where it belongs. *Tristram's Landing, Inc. v. Wait,* 327 N.E.2d at 731.

DOUGLAS, J., concurs in this opinion.