Rockingham
No. 78-195

MARGARET M. DiMARZIO
dba SHELL REAL ESTATE

v.

MAURICE W. READ *& a.*

December 29, 1978

*Sayer & Kellett,* of Salem *(James A. Sayer, Jr.,* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester *(James C. Wheat* orally), for the defendants.

### MEMORANDUM OPINION

This is an action to recover a real estate commission. After a trial without a jury resulting in verdicts for the defendants, the plaintiff's exceptions were transferred by *Bean,* J. In the spring of 1975, plaintiff learned that defendant Arthur Ferretti was seeking a site of about three acres for a nursing home. Plaintiff held several meetings with defendant and his agents and showed them several sites.

She believed that a portion of land owned by defendant Read would be suitable and contacted Read about selling, and Read indicated he would sell for $50,000 net to him. After adding a ten percent commission, plaintiff offered the land to Ferretti for $55,000 and made arrangements for the parties to meet. Negotiations were carried out between the parties to the transaction in the absence of the plaintiff. It appears that some problems were discovered regarding ledge and that the boundaries of the land to be sold were changed. The buyer and the seller ultimately agreed on a price of $35,000 and the sale was consummated without knowledge of the plaintiff. The buyer and seller also entered into an agreement later reduced to writing that if a real estate commission had to be paid, Ferretti would pay it.

The trial court ruled that because the original agreement between Read and plaintiff was that he get $50,000 net, plaintiff is not entitled to a commission when the seller accepts less for the property. We reverse.

The plaintiff was the effective cause of the sale. She brought the parties together and as a result the sale was consummated. The fact that the owner carried on the negotiations does not deprive her of a commission. *Monadnock Ins. Agency, Inc. v. Manning*, 117 N.H. 508, 374 A.2d 961 (1977); *Williams v. Walker*, 95 N.H. 231, 61 A.2d 522 (1948); *Philbrick v. Chase*, 95 N.H. 82, 58 A.2d 317 (1948).

*Exceptions sustained; judgment for plaintiff in the amount of $3,500.*