DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Bender Development Co., Inc., appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Jennifer Streza. This Court affirms.
 I. {¶ 2} Appellant is a firm engaged in buying and selling houses and land for purposes of development. Appellee is the owner of a vacant lot of land approximately 100' X 280' in Lorain County. The parties signed a "letter of mutual intent" in December 2001. According to the "letter of mutual intent," appellee would sell her property to appellant in exchange for the sum of $110,000 and a home with a minimum of 1700 square footage. In exchange, appellant would build 3 to 5 other units on the property at its expense and profit.
 {¶ 3} On May 1, 2002, appellant filed a complaint against appellee for breach of contract and fraud. Appellee filed a motion for summary judgment on August 28, 2003. On September 12, 2003, appellant filed a motion in opposition to appellee's motion for summary judgment and a motion for partial summary judgment on the issue of breach of contract. Appellee filed a motion in opposition to appellant's motion for partial summary judgment.
 {¶ 4} Appellant timely appealed, setting forth one assignment of error. Given that appellant's assignment of error contains in excess of two hundred words and includes part of its legal argument, this Court has reproduced only the statement of the actual assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court committed prejudicial error in issuing its judgment finding that no binding contract existed between the parties and in granting appellee's motion for summary judgment and by failing to grant appellant's motion for partial summary judgment."
 {¶ 5} In its sole assignment of error, appellant challenges the trial court's award of summary judgment in favor of appellee.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co.
(1997), 80 Ohio St.3d 498, 499, 1997-Ohio-321. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher,75 Ohio St.3d at 293.
 {¶ 9} The "letter of mutual intent" provided:
"Furthermore, this letter of mutual intent is subject to Seller and Bender Development Inc. coming to a written agreement regarding floor plans, standard features, and other terms and agreements within 100 days of acceptance of this agreement. All terms, conditions, and floor plans must be signed for by both parties. * * *"
Breach of Contract
 {¶ 10} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." Garofalo v. Chicago TitleIns. Co. (1995), 104 Ohio App.3d 95, 108. (Citations omitted.) A claimant seeking to recover for breach of contract must show damage as a result of the breach. Metro. Life Ins. Co. v.Triskett Illinois, Inc. (1994), 97 Ohio App.3d 228, 235;Logsdon v. Ohio Northern Univ. (1990), 68 Ohio App.3d 190, 195. Damages are not awarded for a mere breach of contract; the amount of damages awarded must correspond to injuries resulting from the breach.
 {¶ 11} "A contract consists of an offer, acceptance, and consideration." Bobinsky v. Tippett, 9th Dist. No. 21444, 2003-Ohio-3787 at ¶ 9, citing Tersigni v. Gen.Tire, Inc.
(1993), 91 Ohio App.3d 757, 760. In Normandy Place Assoc. v.Beyer (1982), 2 Ohio St.3d 102, 105-106, the Supreme Court of Ohio stated: "The enforceability of [an agreement to make an agreement] depends rather on whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced."
 {¶ 12} In her motion for summary judgment, appellee argued that the letter of mutual intent entered into by she and appellant was nothing more than an agreement to make an agreement. To support her motion, appellee attached the affidavit of Richard L. Bender, the president of Bender Development Company, Inc. ("Bender Development"), as well as a copy of the "letter of mutual intent." Appellee contended that the parties did not have a "meeting of the minds" sufficient to form a contract. Further, appellee argued that the terms of the letter of intent were not definite and certain enough to constitute a contract. In her motion for summary judgment, appellee listed several essential details regarding the construction of her unit that were to be agreed upon at a later date and set forth in a written agreement which was to be signed by both appellant and appellee. To support her argument, appellee presented the testimony of Richard Bender wherein he admitted that the letter of mutual intent did not contain all of the necessary information needed in order to begin the construction of appellee's unit.
 {¶ 13} In its motion in opposition to appellee's motion for summary judgment and its motion for partial summary judgment on the issue of breach of contract, appellant argued that all the elements necessary to establish a contract existed between it and appellant. To support its motion, appellant attached the affidavit of Richard L. Bender. In his affidavit, Bender testified that he had many contacts with appellee after both parties executed the letter of intent. Bender testified that Bender Development fully performed all of its obligations under the letter of intent through the date appellee's attorney informed Bender Development's attorney that she no longer wanted to pursue the development of her property with Bender Development. Bender further testified that appellee approved and participated in acquiring the necessary variances from the City of Lorain for the project. Bender testified that the parties came to an agreement on the floor plans and standard features of appellee's unit. Bender testified that he and Bender Development relied on various statements made by appellee regarding the proposed project to their detriment.
 {¶ 14} In the present case, the express terms of the letter of intent clearly indicate that that document was nothing more than an agreement to principles which were subject to further negotiation and a definitive written agreement. While the letter of intent may have provided the basic framework for future negotiations, the letter itself did not address all the essential terms of the construction contract. Thus, the letter of intent is not a legally enforceable contract.
Fraud
 {¶ 15} In order to establish a claim for fraud, a party must prove each of the following elements:
"(a) a representation or, where there is a duty to disclose, concealment of a fact,
"(b) which is material to the transaction at hand,
"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
"(d) with the intent of misleading another into relying upon it,
"(e) justifiable reliance upon the representation or concealment, and
"(f) a resulting injury proximately caused by the reliance."Burr v. Bd. Of Commrs. of Stark Cty. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus, citing Cohen v. Lamko, Inc.
(1984), 10 Ohio St.3d 167, 169.
 {¶ 16} An action in fraud will only be found if all of the elements are present and "the absence of one element is fatal to recovery." Westfield Ins. Co. v. Huls Am., Inc. (1998),128 Ohio App.3d 270, 296, citing Manning v. Len Immke Buick (1971),28 Ohio App.2d 203, 205.
 {¶ 17} In her motion for summary judgment, appellee argued that there was no material issue of fact as to whether she had engaged in fraud in her interaction with appellant. To support her argument, appellee presented the deposition testimony of Richard Bender.
 {¶ 18} Appellant did not address the fraud claim in its opposition to appellee's motion for summary judgment and motion for partial summary judgment.
 {¶ 19} This Court finds that appellee met her Dresher
burden in that she demonstrated that a contract did not exist between the parties and that appellant had no actionable claim for fraud. The burden then shifted to appellant to show that there existed a genuine issue of material fact as to whether a contract existed or that appellee was liable for fraud. Appellant failed to meet its burden. This Court finds that summary judgment was properly granted in favor of appellee.
 {¶ 20} Appellant's assignment of error is overruled.
 III. {¶ 21} The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.