Rockingham,
No. 4271.

EDWARD E. BENWAY & a. v. BLANCHE H. COLE & a.

Argued April 7, 1954.
Decided May 4, 1954.

*Sullivan & Wynot* (*Mr. Wynot* orally), for the plaintiff.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Sleeper* orally), for the defendant.

KENISON, C. J.   The defendant and the purchasers were strangers

to each other and the evidence justified a finding that the plaintiff was the effective cause which brought about the resulting sale. If the defendant employed the plaintiff this entitled the plaintiff to a commission (*Russo* v. *Slawsby,* 84 N. H. 89) since he had procured a customer willing and able to buy upon terms proposed by the owner. *Philbrick* v. *Chase,* 95 N. H. 82, 84. The question of whether the plaintiff was employed was submitted to the jury. The plaintiff was entitled to his commission even though he did not take an active part in the final negotiations. *Williams* v. *Walker,* 95 N. H. 231; Restatement, Agency, s. 448; *Morrison* v. *Hall,* 78 N. H. 48. The plaintiff was not a volunteer broker whose actions were unknown to the defendant. Mechem, Outlines of the Law of Agency (1952) s. 562. Although the defendant claimed that the plaintiff was not her agent, she knew before she sold the property that the plaintiff acted as though he were her agent and expected a commission if the property was sold to the Laphams. The intricate financial transactions in the sale to the Laphams was further evidence from which the jury could find that the defendant sought to avoid payment of the commission. If she thought she could "perform the rest of the transaction without further assistance or expense," the jury could find that she was not entitled to do so. Restatement, Agency, s. 454; 1 Corbin, Contracts (1950) s. 50. See *Fischer* v. *Patterson,* 97 N. H. 318.

It is urged that since the plaintiff was acting as agent for both parties, he is not entitled to a commission from either party. Reliance is placed on the following quotation from *Wilson* v. *Atwood,* 81 N. H. 61, 63: "Apparently, the plaintiff undertook to act as agent for both parties. If such is the fact, he cannot recover from the defendant, in the absence of proof that she knew of and assented to his acting in such dual capacity." This is sound law (Restatement, Agency, s. 391) but it does not apply to the facts of this case for several reasons. First the defendant knew of the plaintiff's relationship to the purchasers and it could be found she assented to it by her telephone conversation and her subsequent actions. Secondly, the rule is subject to "one notable exception" where the broker acts as middleman to bring two parties together and permits them to make their own bargain. *Rupp* v. *Sampson,* 16 Gray (Mass.) 398. Anno. 80 A.L.R. 1075, 1077. The rule is stated in Mechem, Outlines of the Law of Agency (1952) s. 503 as follows: "So where he is not relied upon to bargain for either party but is merely an introducer or middleman, whose function

is merely to bring parties together who may then bargain for themselves—as is often the case with the real estate broker—it is frequently held that there is no legal objection to his serving in this double capacity . . . . " The Court properly ruled that there was no evidence that the plaintiff acted in any other capacity than that of middleman. Hence there was no occasion to instruct the jury on this issue. The instructions submitting the issues of whether the plaintiff was employed by the defendant, and if so, whether he was the efficient cause of the sale, adequately covered the law as applied to this case.

Counsel for the plaintiff in final argument to the jury stated that he was not ashamed and felt no reproach for taking a voluntary nonsuit against the Laphams and that he would do it again under the same circumstances. Previously the defendant in his argument commented on the nonsuit and made the following rhetorical statements, "Now, we don't know what happened here do we? . . . I wonder what sort of arrangement they had made before that." Prior to arguments defendant's counsel inquired of Lapham if "through some arrangement" his attorney had "got your case voluntarily nonsuited." Objection was made and counsel stated: "There was no arrangement whatsoever. We came into chambers and we felt on the basis of Mrs. Cole's testimony that a nonsuit was in order." The objection to the question was sustained and the Court told the jury to disregard it and to draw no "inference from it whatsoever." If the plaintiff's rebutting argument was error, it was invited error of which the defendant cannot now complain. *State* v. *Small*, 78 N. H. 525, 531; *Hersey* v. *Hutchins*, 70 N. H. 130; *Cote* v. *Company*, 86 N. H. 238, 242.

Objection to the verdict of $600 as a compromise verdict on the claimed amount of $700 is not fatal. The jury could award less than claimed or an average of the prevailing rate of commissions for sale of like property. Restatement, Agency, s. 443 (b); 4 Williston, Contracts (rev. *ed.*) s. 1030A; *Williams* v. *Walker*, 95 N. H. 231.

*Judgment on the verdict.*

All concurred.