Hillsborough,
No. 4527.

WALTER D. McLAUGHLIN *v.* UNION-LEADER CORPORATION.

Argued October 2, 1956.

Decided November 29, 1956.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiff.

*Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally), for the defendant.

BLANDIN, J. The defendant's contention in support of its motion for a new trial is based on its claim that it did not have an impartial trial and was therefore deprived of the due process and equal protection of the laws guaranteed by Section 1 of the Fourteenth Amendment of the Constitution of the United States. This argument cannot be accepted. The record of the previous transfer to this court (*McLaughlin* v. *Union-Leader*, 99 N. H. 492) discloses that by its motion for a mistrial and to set aside the verdict the defendant raised the same issues under the state Constitution relative to an impartial trial upon which it now seeks to prevail. The Court by its denial of these motions found as a fact that the jurors were qualified and indifferent and that no matters outside the evidence produced the verdict. Had it found otherwise than that the defendant had an impartial jury and a fair trial, it would have been the Court's duty to set aside the verdict.

It is not to be presumed that the Trial Court failed to observe this elementary rule of law. On the contrary, all presumptions are in favor of the legality of its action. *Chabot* v. *Shiner,* 95 N. H. 252, 255; *Lupien* v. *Rousseau,* 98 N. H. 459, 460. As we have previously stated the Court's findings are "entitled to great weight." *McLaughlin* v. *Union-Leader, supra,* 499. It has failed to revise its previous action and our re-examination of the record discloses nothing to warrant disturbing our former conclusion. It follows that the defendant's exception to the denial of its motion to vacate the order denying a new trial is overruled.

Both parties have excepted to the ruling allowing the plaintiff interest from November 1, 1952, the date of the "completion of the contract term." Commencing with the breach of the contract in September 1949, monthly payments, and also from time to time other amounts representing profit shares and insurance benefits, became due the plaintiff. The defendant argues that because the precise total owed the plaintiff could not be ascertained in advance of trial, since no one could tell what the plaintiff would or might reasonably earn in mitigation of damages, the defendant was under no duty to pay any interest until after the verdict. If we adopt this argument we take from the plaintiff substantial sums which he can reasonably claim are his, and allow the defendant, which the jury has found in default, to retain them.

As pointed out by *Hand,* J. in the case of *In re Paramount Publix Corporation,* 85 F. (2d) 42, 45, this argument sacrifices principle to expediency since the defendant's "liability does not await liquidation but is absolute," as soon as the breach occurs. Furthermore, it ignores our fundamental principle that "the difficulty of determining the sum which will recompense a person" wronged by another is no reason for not allowing the injured party damages. *Lee* v. *Dow,* 71 N. H. 326, 327. Our law is that the test to determine whether interest is payable before verdict "is not to inquire whether it [the debt] is liquidated, but whether it is due . . . " since "interest is given as damages for the failure to pay money *at the time it is due.*" *Dame* v. *Wood,* 75 N. H. 38, 40. (Emphasis supplied); see also, *Damasiotes* v. *Dumas,* 97 N. H. 402. By the weight of authority, and what we believe to be the better view, uncertainty as to the amount is no reason for disallowing interest when the uncertainty is caused by the defendant's unexcused breach of the agreement. Restatement, Contracts, *s.* 337,

*comment* h, ill. 8; 5 Corbin on Contracts, *ss.* 1049, 1051. It also appears by the "great weight of authority" that the burden of showing what the plaintiff could have earned is on the defendant. 3 Sutherland on Damages (4th *ed.*) 2560. As has been well stated in *Abell* v. *Anderson*, 148 F. (2d) 372 *(cert. denied* 326 U. S. 731), "It ill becomes them [the defendants] now to say that they could not have reduced their liability for interest because they did not know how much to pay, since they never manifested a disposition to pay." *Id.*, 375. To have allowed the plaintiff no interest on the substantial sums actually due him for the entire period of over four years until the verdict, because the defendant could not have ascertained the exact amount due when it strenuously contested any liability at all, we believe would have been an abuse of discretion.

On the other hand, while adhering in the main to the general rule, courts have recognized to some degree the practical difficulty confronting the defendant in cases similar to the one before us and have made allowance for it. See *In re Paramount Publix Corporation*, 85 F. (2d) 42, 45. Much must be left to the discretion of trial courts to deal with situations "according to their conception of the demands of justice and practicality." *White* v. *Schrafft*, 94 N. H. 467, 473, and cases cited; see also, *Smith* v. *Insurance Co.*, 98 N. H. 420. It is true as the plaintiff claims that the Court, following the principle in *King* v. *Hutchins*, 28 N. H. 561, might have computed the interest due on the gross claim of the plaintiff and subtracted from this the interest due on the total of the offsets allowed the defendant by the jury to reach the balance of interest due the plaintiff. However, we are not prepared to hold it error as a matter of law that the Court refused to follow this procedure and instead made a different allowance for the practical problem facing the defendant. The plaintiff's actual damages could not be determined until the contract term ended because his earnings from other employment during that time were at no fixed rate. The order allowing interest from the date of the completion of the contract term is one of which neither party can complain. Decisions in other jurisdictions and such cases as *Lemire* v. *Haley*, 93 N. H. 206, chiefly relied upon by the defendant, where the plaintiff refused to elect as between special contract and *quantum meruit* at the time of her original demand or even after and was not allowed interest, are not controlling. Each case must rest on its own facts and in all the circumstances here we cannot say the Trial Court

abused its discretion in refusing to be persuaded by either counsel. It follows the exceptions of both are overruled.

The important question whether income taxes may be considered in assessing damages for breach of a contract of employment has never been decided in this jurisdiction. It has long been established that the test to determine whether any loss resulting from such a breach is recoverable is to inquire whether it is a loss which "the parties must have had in mind when the contract was made, or such as they either knew or ought to have known would probably result from a failure to comply with its terms." *Davis* v. *Company*, 77 N. H. 403, 404; see also, *McLaughlin* v. *Union-Leader*, 99 N. H. 492, 498, and cases cited; Restatement, Contracts, s. 330. However, not every loss, which at the time the contract was made the parties knew or should have known would result from a breach, is recoverable. For example, attorneys' fees and many other incidental expenses such as expert witness fees cannot ordinarily be collected by the prevailing party. Some of the personal expenses of a litigant cannot be passed on but must be borne by the successful as well as the losing party. We do not know of any authority nor has able counsel brought any to our attention which held at the time this agreement was made in November 1947 or which has since held that there may be recovery on account of increased liability for income taxes arising out of a breach of contract for services. It seems fair to say that such a liability is not a "loss" within the meaning of the term as used in the assessment of damages in contract actions. We appreciate that the rule of *Billingham* v. *Hughes* (1949), 1 K. B. 643, relied upon by the defendant, has been recently overruled by the House of Lords in *British Transport Commission* v. *Gourley* (1955), L. R. [1956] A. C. 185, but in the latter case the question was not whether the burden of an excess tax should fall upon the plaintiff or defendant, but whether the amount of the tax which the plaintiff had been relieved from paying as a result of the defendant's tort could nevertheless be recovered by him as a part of his damages. The effect of the holding that it could not was to prevent a windfall to the plaintiff, and this is consistent with the law which limits damages to actual losses suffered.

It may be argued that the refusal of the courts to transfer the burden of excess income taxes in breach of contract cases from the plaintiff to the defendant is unfair to the plaintiff. The answer seems to us to be that this situation results primarily from the provisions of the federal income tax statute which sometimes

produce inequities. We believe the remedy should be sought at the source — in federal legislation. This has already been recognized in numerous instances. For example, 26 U. S. C., s. 107 (d) permits an employee receiving a lump settlement for "services rendered" in certain circumstances to account for it over a period of time as "back pay" and thereby be relieved of excess income taxes. *Dingwall* v. *Commissioner*, 211 F. (2d) 921. Unfortunately, in the case before us, the plaintiff rendered no services for the period for which he seeks recovery and hence it may be that he is not entitled to take advantage of the statute. *Estate of Lester O. Stearns*, 14 T. C. 420, aff'd 189 F. (2d) 259; see also, *Weldon D. Smith*, 17 T. C. 135, 143. In the case of recovery for tort injuries, legislation has also been passed exempting the proceeds from the income tax. 26 U. S. C., s. 22 (b).

Our conclusion is that the excess tax liability, if any results to the plaintiff here, is not a loss within the meaning of the term as used in the law of damages. It follows the defendant's exception to the denial of its motion to dismiss the plaintiff's claim for damages by reason of additional income taxes resulting from a breach of the contract is sustained.

The plaintiff argues that the Trial Court erred in refusing to allow him costs for depositions taken by agreement in the plaintiff's behalf in preparation for trial but not used as evidence in chief. It has long been established here that the matter of the allowance of costs is within the discretion of the Trial Court. *Hatch* v. *Rideout*, 96 N. H. 122; see also, RSA 525:3. When depositions are taken by agreement "the court may allow as costs the whole or any part of the expenses thereof, as justice may require." RSA 517:20. While costs for the taking of depositions which are not used as evidence in chief should not be excluded as a matter of law, we cannot say upon an examination of the record that the Court failed to exercise discretion when he excluded them as not a proper item of costs "in this case."

This appears to dispose of all exceptions transferred by either party and the order is

*Judgment on the verdict.*

All concurred except DUNCAN, J., who dissented in part.

DUNCAN, J., *dissenting in part:* I am of the opinion that the

denial of the defendant's motion to vacate the order denying a new trial rested upon erroneous rulings of law, and that the defendant is entitled to a consideration of the motion upon its merits by the Presiding Justice below. Otherwise I concur in the opinion of the court.