Hillsborough
No. 79-048

KOPKA REAL ESTATE, INC.

v.

ROBERT P. MACLEOD & a.

July 11, 1979

*Devine, Millimet, Stahl & Branch*, of Manchester (*Andrew D. Dunn* orally), for the plaintiff.

*Porter, Hollman & Muller*, of Manchester (*Philip S. Hollman* orally), for the defendants.

GRIMES, J.   The issue in this case is whether the decision of the trial court awarding a verdict for the plaintiff for a real estate commission is supported by the evidence. We hold that it is.

Defendants Robert and Irene MacLeod of Amherst were the owners of real estate on Harbor Avenue in Nashua which they sold to Lake State Associates in July 1972, following an agreement executed in April 1972. The plaintiff brought suit claiming a commission on the sale, and the matter was heard by the court sitting without a jury. A verdict was rendered for the plaintiff in the amount of $15,700, and defendants' exceptions were transferred by *Contas*, J.

The evidence supports findings that the plaintiff, Kopka Real Estate (Kopka), had its first contact with the defendants MacLeod in September 1969, when MacLeod contacted the plaintiff regarding the sale or lease of the Harbor Avenue property. Kopka showed the property to a prospective lessee later that year but no lease was effected. At about this time the Nashua Housing Authority was inviting bids on a so-called "turnkey project" for construction of housing for the elderly. Kopka showed the Harbor Avenue property to defendant Alco Universal (Alco), a prospective developer for the proposed project. Kopka had several meetings with Alco representatives, and secured maps and checked the site for suitability.

In October 1970, Alco authorized Kopka to negotiate an option on the MacLeod property. One was negotiated and the MacLeods signed it but Alco did not. The option agreement contained a clause that the parties recognized Kopka as the broker who brought about the transaction. The agreement also stated that "seller agrees to pay the commission therefor per separate agreement." Alco, however, was not chosen to become the developer for the project.

Thereafter, the originally selected contractor either withdrew or was disqualified and the Nashua Housing Authority on July 23, 1971, advertised the reopening of the bidding. Prior to this time the Authority had sent previous bidders, including Alco, notices of the reopening. On August 9, 1971, Alco submitted a bid based on the MacLeod property as the proposed site.

In the meantime, the MacLeods had placed their affairs in the hands of their attorney and had advertised their property for sale. The MacLeod's attorney received a call from Alco's attorney regarding Alco's interest in the property. On August 5, 1971, a nonexclusive option contract was entered into between Alco and the MacLeods, and the property was deeded to Alco's assignee, Lake State Associates, which the court on the evidence properly found to be a "substitute buyer for Alco."

The court found that plaintiff was the effective cause of the sale and was entitled to a commission. Defendants do not dispute that Kopka was their agent, but complain that Kopka breached its fiduciary relationship by not informing defendants that Alco wanted the option money returned if it were not the successful bidder on the development. Defendants further argue that Kopka had abandoned its representation, thus terminating the brokerage agreement, so that Kopka was not the effective cause of the sale.

A broker procures a customer if he informs him of the property and leads the customer to the seller. *Williams v. Walker*, 95 N.H. 231, 61 A.2d 522 (1948); *Philbrick v. Chase*, 95 N.H. 82, 58 A.2d 317 (1948). There is no question in this case that the plaintiff informed Alco of the property and led Alco to the seller. The defendants admit that they had never heard of Alco until its officials were introduced to them by Kopka.

Although it is true that the sale was not consummated in 1970 because Alco lost the bid, the court was entitled to find on the evidence that when Alco was again asked to bid on the project, the previous contact with the MacLeod property was what led Alco to that property again as the prospective site. The fact that plaintiff did not take part in the final negotiations does not deprive it of its commission. *Benway v. Cole*, 99 N.H. 51, 53, 104 A.2d 734, 735 (1954); *Philbrick v. Chase*, 95 N.H. 82, 58 A.2d 317 (1948). The court found no abandonment of the brokerage agreement on the part of the plaintiff, and a finding of abandonment was not compelled by the evidence. There was no evidence of an abandonment such as would cause a forfeiture of a commission already earned by the plaintiff's efforts. *Philbrick v. Chase supra.* Plaintiff's position is even stronger than that of the plaintiffs in *Philbrick v. Chase*, because in this case the defendants actually knew that plaintiff had first led Alco to the property and to them.

The court also found that there was no breach of a fiduciary relationship and that plaintiff did not work for Alco except to show it the properties that were for sale. Here again a contrary finding was not compelled. Plaintiff was not relied upon to bargain for defendants. Rather, plaintiff was called upon to procure a customer at defendants' price. In view of the court's finding, there has been no forfeiture of the commission. *See Benway v. Cole*, 99 N.H. 51, 53–54, 104 A.2d 734, 735–36 (1954).

■ We also find no merit in the defendants' complaint that plaintiff did not inform them of the fact that Alco wished to have the option money returned if it did not obtain the award of the project. We fail to see how this changes the fact that the property was in fact sold to the customer that plaintiff produced. Nor can we see how this harmed the defendants.

■ We also reject defendants' contention that plaintiff should be denied a commission because it also represented other prospective · sellers and showed Alco other properties. It is not the law of this State that a real estate broker forfeits his commission for a sale of which he was the effective cause because he also showed the prospective buyer other properties. Plaintiff was not bound to represent the MacLeods exclusively.

Defendants complain that certain exhibits were erroneously excluded from evidence by the court as not relevant to the issues. A review of those exhibits and a consideration of defendants' argument reveals no error.

■ Defendants also make various complaints regarding the court's action on their requests for findings and rulings. The defendants filed sixty-six requests which occupy twenty-six pages of the transferred case. We have held that RSA 491:15 is complied with "if the trial court files in narrative form, the findings of essential facts which are sufficient to support his decision." *R. J. Berke & Co. v. J. P. Griffin, Inc.,* 116 N.H. 760, 767, 367 A.2d 583, 588 (1976); *Cote v. Eldeen,* 119 N.H. 491, 403 A.2d 419 (1979). When, as in this case, the trial court files its findings in a narrative form that adequately supports its verdict, we will not review action taken on the requests.

*Exceptions overruled.*

All concurred.