**ATLAS TRUCK LEASING, INC.,**
Plaintiff, Appellee,

v.

**FIRST NH BANKS, INC. (Formerly First Bancorp of New Hampshire, Inc.), Defendant, Appellant.**

No. 86–1565.

United States Court of Appeals,
First Circuit.

Argued Oct. 8, 1986.

Decided Jan. 12, 1987.

Mark Weaver with whom James E. Higgins and Sheehan, Phinney, Bass & Green Professional Association, Manchester, N.H., were on brief for defendant, appellant.

Gary S. Matsko with whom Judith Ashton and Davis, Malm & D'Agostine, Bos-

ton, Mass., were on brief for plaintiff, appellee.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

BREYER, Circuit Judge.

Atlas Truck Leasing, Inc. (Atlas) sued First NH Banks, Inc. (FNH) for unlawfully terminating a Vehicle Lease Agreement. The jury found for the plaintiff, and awarded Atlas $50,000. FNH appeals. We affirm.

The facts of the case may be summarized briefly. Atlas is a corporation that leases vehicles. It is owned by the Trans-Lease Group, a Massachusetts Business Trust. FNH is a bank holding company that sends documents back and forth among its various offices. In contracting with Trans-Lease for a document courier service, FNH signed a Vehicle Lease and Service Agreement that governed the leasing of vehicles by Atlas to FNH. The Lease Agreement says that FNH, the lessee, "agrees to hire" from Atlas certain specified vehicles "for a term beginning on the date each such VEHICLE is ready for ... service ... and continuing until terminated, as hereinafter provided...." The termination provision of the Lease Agreement says:

> This agreement may be terminated wholly or in part by either LESSOR or LESSEE on any anniversary date of the last vehicle installed in the customer service, upon sixty (60) days written notice thereof to the other party of its intent to terminate.

After Atlas had provided vehicles under the lease for about 17 months, FNH terminated the courier service with Trans-Lease and refused to accept cars from Atlas.

Atlas sued for breach. It argued that FNH terminated the lease nearly two months after the anniversary date indicated in the quoted provision; thus, the agreement, by its terms, should have remained in effect until the next anniversary. The jury found (contrary to FNH's claims) that the Lease Agreement constituted a binding contract between the parties, and that FNH had breached that contract. Based on evidence of Atlas' earnings during the last twelve months that it had leased vehicles to FNH, the jury found that Atlas had suffered $50,000 of lost profits.

FNH does not appeal the jury's finding that the Lease Agreement constituted a binding contract. Rather, it makes three less central claims. It says the district court erred: 1) in denying FNH's motion in limine to exclude certain exhibits and testimony, 2) in submitting the issue of damages to the jury, and 3) in instructing the jury on foreseeability of damages and on the effect of income taxes on the damage award. We consider each of these arguments in turn.

1. FNH claims that the district court abused its discretion when it denied FNH's motion to exclude from evidence certain financial records and related testimony relevant to damage calculations. FNH says that the evidence should have been excluded because Atlas did not furnish the exhibits to the Clerk's office at least one week before trial, as required by New Hampshire District Court Rule 16(a); instead it delivered them 5 days before trial. FNH adds that late delivery materially prejudiced its defense.

The trial court, however, has wide latitude in formulating pretrial orders and in imposing sanctions on parties who fail to comply with procedural rules. *See* Fed.R. Civ.P. 16; N.H.Dist.R. 2(a). We will reverse its determination only if the ruling results in clear injustice. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure §§ 2006, 2284 (1970), and cases there cited. We can find no such injustice here because the exhibits in question were filed only two days late. The trial court granted FNH an additional half-day to review the late exhibits and Atlas provided FNH with work papers to assist FNH with its review. Under these circumstances, the trial court did not exceed the scope of its legal power to decide whether or not to exclude the evidence. *Cf. Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 4–5 (1st Cir.1985) (upholding a ruling enabling a party to amend its

list of expert witnesses seven days before trial); *Clark v. Pennsylvania R.R. Co.,* 328 F.2d 591 (2d Cir.), *cert. denied,* 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964) (upholding the admission of testimony by witnesses not named in the pre-trial order when the judge offered counsel an adjournment to prepare for cross-examination).

■ 2. FNH also contends that the trial court should not have submitted the issue of damages to the jury because the amount of damages was not foreseeable. *Cf. Hydraform Products Corp. v. American Steel & Aluminum Corp.,* 127 N.H. 187, 197, 498 A.2d 339, 345 (1985) (holding that one who breaches a contract is liable for reasonably foreseeable damages); *Petrie-Clemons v. Butterfield,* 122 N.H. 120, 124, 441 A.2d 1167, 1170 (1982) (same); *Crawford v. Parsons,* 63 N.H. 438, 444 (1885) (same). It says that damages were not reasonably certain to occur because the Lease Agreement, (which required Atlas to keep vehicles available for FNH's use) provided for payment on the basis of per mile use, but it did not say how much FNH had to *use* the vehicles. FNH told the jury that it might have hired the vehicles from Atlas and just have left them sitting in the parking lot. Tr. 3–44—3–45. Left idle, the cars would produce no income for Atlas because FNH owed Atlas money only if the vehicles were *used.* If FNH could refuse to use the vehicles, then Atlas could not reasonably foresee damages from termination of the lease.

In fact, however, FNH was legally obliged to use the vehicles. Under New Hampshire law, every contract carries an implied covenant of good faith and fair dealing. *See Albee v. Wolfeboro R.R. Co.,* 126 N.H. 176, 179, 489 A.2d 148, 151 (1985) (citing *Seaward Constr. Co. v. Rochester,* 118 N.H. 128, 383 A.2d 707, 708 (1978)). FNH would violate this covenant if it were unreasonably not to use the vehicles in order to deprive Atlas of the contract's benefits. *See Uproar Co. v. National Broadcasting Co.,* 81 F.2d 373, 377 (1st Cir.), *cert. denied,* 298 U.S. 670, 56 S.Ct. 835, 80 L.Ed. 1393 (1936). FNH therefore had to make reasonable good faith efforts to use Atlas' vehicles to satisfy the banks' ordinary needs. If FNH violated its obligation, Atlas would foreseeably suffer damages.

The jury could reasonably assess Atlas' damages by looking to the time period when FNH lived up to its contractual obligation to act in good faith. It could have decided that Atlas would have earned profits roughly comparable to what it earned in that prior comparable period. It is, after all, common practice to estimate lost future profits by examining profits earned in the comparable past. *See Van Hooijdonk v. Langley,* 111 N.H. 32, 34, 274 A.2d 798, 799 (1971); 11 *Williston on Contracts* § 1346A (3d ed. 1968). The jury had ample evidence of the profits earned by Atlas during the 16 months before FNH said it wanted to terminate the contract. It also had evidence that FNH's needs for courier services remained essentially unchanged. The jury could calculate probable lost profits with reasonable certainty. Therefore, the court was legally entitled to submit the issue of damages to the jury. *See Hydraform,* 127 N.H. at 197, 498 A.2d 345 (citing *Whitehouse v. Rytman,* 122 N.H. 777, 780, 451 A.2d 370, 372 (1982)); *Van Hooijdonk,* 111 N.H. at 34, 294 A.2d at 799–800.

■ 3. Finally, FNH asserts that two of the court's jury instructions were erroneous. It says that the court should have given the following requested instruction on damage foreseeability:

If Plaintiff Atlas is entitled to any damages in this case, they [sic] may only be granted compensation for those injuries the Defendant FNH had reason to foresee as a probable result of its breach of a contract with Atlas. *Emery v. Caladonia Sand & Gravel Co.,* 117 N.H. 441, 446 [374 A.2d 929] (1977).

The court, however, actually instructed the jury as follows:

Profits that might reasonably be anticipated may be recovered as damages. You may determine lost profits based on

evidence of the prior profits Atlas had under the agreement.

> Damages ... including those of lost profits do not have to be proved with mathematical certainty, but they may not be wholly speculative. If profits were reasonably certain to result they may be awarded by the jury.

We can find no legally significant difference between the two instructions. We realize that the court spoke of damages that might "reasonably be anticipated" while FNH wanted it to use the words "reason to foresee" but, in the context of this case, that seems a distinction without a difference. FNH also tells us that the court instruction omitted details of the *Emery* holding, but FNH's instruction also omitted those same details. In any event, we believe that the charge adequately reflects New Hampshire's rule on contractual damages—at least insofar as the facts of this case are concerned. *See, e.g., Petrie-Clemons,* 122 N.H. at 125, 441 A.2d at 1171 ("We will uphold an award of damages for lost profits if sufficient data existed indicating that profits were reasonably certain to result."); *M.W. Goodell Construction Co. v. Monadnock Skating Club, Inc.,* 121 N.H. 320, 323, 429 A.2d 329, 331 (1981) (noting that "the law does not require 'mathematical certainty' in computing damages"); *Zareas v. Smith,* 119 N.H. 534, 538, 404 A.2d 599, 601 (1979) (holding that "consequential damages that 'could have been reasonably anticipated by the parties as likely to be caused by the defendant's breach'" may be awarded to plaintiff) (quoting *Hurd v. Dunsmore,* 63 N.H. 171, 174 (1884)).

 FNH also complains about the fact that the trial court instructed the jury on the effect of income taxes on the damage award. The court told the jury:

> In determining damages for lost profits you are not to consider income tax, because if there is an award of damages the plaintiff will have to pay taxes on that award.

This was a correct statement of the law. *See Kennett v. Delta Air Lines, Inc.,* 560 F.2d 456, 462–63 (1st Cir.1977); *McLaughlin v. Union-Leader Corp.,* 100 N.H. 367, 371, 127 A.2d 269, 273 (1956), *cert. denied,* 353 U.S. 909, 77 S.Ct. 663, 1 L.Ed.2d 663 (1957). And the judge might reasonably have believed the circumstances called for the instruction. FNH raised the tax issue when it asked witnesses several times whether or not tax consequences were considered in calculating profits. The instruction simply eliminated possible jury confusion about the role taxes should play in assessing damages. We find no legal error in any of the cited instructions.

The judgment of the district court is

*Affirmed.*